IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| Borger Properties, Inc., | § | Case No.10-20168-RLJ-11 |
| | § | Chapter 11 Proceeding |
| | § | |
| Debtor. | § | |

**EMERGENCY MOTION FOR INTERIM
AUTHORIZATION TO INCUR POST-PETITION FINANCING**

TO THE HONORABLE ROBERT L. JONES, Bankruptcy Judge:

Borger Properties, Inc. ("BPI"), the debtor in possession in the above-captioned case ("Debtor" or "Debtor in Possession"), moves the Court for an interim order authorizing Debtor to incur post-petition financing through National Bank of Commerce — Shamrock, located in Shamrock, Texas ("NBCS"). Debtor respectfully represents to the Court as follows:

**I.**
**JURISDICTION AND BACKGROUND**

1.      On March 12, 2010 ("Petition Date"), Debtor filed its voluntary petition under Chapter 11 of the Bankruptcy Code. Debtor is managing its business and affairs pursuant to Bankruptcy Code §§ 1107 - 08.

2.      This motion is filed under 11 U.S.C. §§ 361, 362, 363 and 364.

3.      This is a core proceeding under 28 U.S.C. § 157(b).

4.      No trustee has been appointed, and BPI remains as Debtor in Possession.

5.      Debtor is in the final stages of completion of a business in Hutchinson County, Texas, named the Hampton Inn & Suites ("Hampton Inn").

6.      The purpose of the business is to provide temporary lodging to persons visiting or traveling through the areas in and around Hutchinson County, Texas.

## II.
### FINANCING HISTORY

7.      Over the past 2 years, BPI has entered into Promissory Notes with NBCS in order to obtain loans to be used in constructing the Hampton Inn.

8.      On the Petition Date, Debtor believes it was indebted to NBCS for approximately $5,000,000.00.

9.      On the Petition Date, Debtor's debt to NBCS was secured by the following: (1) a 2.280 acre tract of real property located in Hutchinson County, Texas, further described in Volume 1487, Page 85 of the Official Property Records of Hutchinson County, Texas, and upon which the Hampton Inn is being constructed ("Hampton Property"); (2) any and all improvements on the Hampton Property; (3) all equipment, fixtures, furnishings, inventory and personal property located on the Hampton Property; (4) all rents, revenues, profits or other benefits of the Hampton Property; and (5) an absolute assignment of all rents, issues, income, receipts and profits from the Hampton Property.

## III.
### NECESSITY OF POST-PETITION FINANCING

10.      Debtor anticipates that the Hampton Inn can be completed and operational within 12 to 15 weeks of resuming construction.  However, Debtor does not have the funds necessary to complete the Hampton Inn.  Accordingly, Debtor must incur post-petition financing in order to complete the Hampton Inn and begin operating same.

11.      Debtor believes operation of the Hampton Inn will benefit the bankruptcy estate and all creditors thereof.  NBCS has expressed a willingness to provide Debtor with post-petition financing: (1) with the terms and conditions of such financing as determined by the parties ("DIP Financing Loan Documents"); and (2) provided that all funds disbursed pursuant to the DIP Financing Loan Documents be provided priority under 11 U.S.C. § 364(d) and secured by a priority lien and security interest in the property described in the DIP Financing Loan Documents, together with newly acquired accounts receivable, contract rights and cash.

12.     Post-petition financing is necessary for Debtor to complete construction of the Hampton Inn. In the absence of post-petition financing, Debtor will not be able to complete the Hampton Inn, and therefore, not continue to operate, which would result in the liquidation of Debtor's remaining asset, same being the Hampton Property. Such a liquidation would minimize the extent to which Debtor can realize full value of the Hampton Property.

**IV.**
**REQUIRED CAPITAL**

13.     During the next 30 days, Debtor will require approximately $135,000.00 of post-petition financing to work towards completing construction and beginning operations at the Hampton Inn.

14.     Debtor anticipates that its plan of reorganization will provide for the payment of the entire amount of the NBCS's indebtednesses. Debtor believes that its business operations are subject to reorganization.

**V.**
**NECESSITY OF EMERGENCY RELIEF**

15.     The relationships between Debtor and the numerous subcontractors ("Subs") performing work on the Hampton Inn were severely strained in the weeks and months preceding the Petition Date. Further, the Subs are vital to completion of the Hampton Inn, and any delay in payment to them will almost certainly result in their refusal to continue construction of the Hampton Inn. Accordingly, Debtor requests the Court to shorten the notice period for objection to this Motion to 24 hours. Within the 24 hours after the filing of this Motion, Debtor anticipates uploading an Agreed Order executed by NBCS.

**VI.**
**SUMMARY**

16.     In order to complete construction and begin operating the Hampton Inn, Debtor seeks to incur post-petition financing from NBCS in the approximate amount of $135,000.00.

17.     Debtor believes the terms described above and to be governed by the post-petition loan documents are the only available means to obtain post-petition financing. Thus, to avoid immediate and

irreparable harm to the estate, Debtor requests immediate authorization to enter into a post-petition financing agreement with NBCS, and upon completion of the Hampton Inn.

**WHEREFORE**, Debtor respectfully requests the Court to enter an interim order authorizing Debtor to incur post-petition financing from NBCS in the amount of $135,000.00.  Debtor asks for such other and further relief as the Court may deem necessary and proper.

Respectfully submitted,

Kinkead Law Offices
6937 S. Bell, Suite G
Amarillo, TX  79109
(806) 353-2129; (806) 353-4370 (FAX)

By: **/s/Bill Kinkead**
Bill Kinkead
State Bar No. 11477400
*ATTORNEY FOR DEBTOR*

## CERTIFICATE OF SERVICE

This is to certify that on this 24th day of March, 2010, a true and correct copy of the foregoing instrument was served upon the parties listed below by depositing same in the United States Mail, first class, postage prepaid, and addressed as stated, by EMAIL or by ECF. No Unsecured Creditors Committee has been formed.

**ECF:**

All Parties listed as receiving ECF notices in the cases in which this document is filed

**MAIL:**

None

**EMAIL:**

See Attached Notice List

**/s/ Bill Kinkead**_____
Bill Kinkead
Attorney for Debtor

## NOTICE LIST

**Harish Patel**
**Toli, Inc.**                          **email:** **toliinc@gmail.com**
**1424 Riverside Road**
**Roanoke, Texas 76262**
**(817) 688-6762**

**Preyesh Kumar**
**411 Ave, F NE**                        **email:** **preyeshkumar@hotmail.com**
**Childress, TX 79201**

**Attorneys – Shareholders:**            **David Jones**
                                         **email:** david.jones@sprouselaw.com

                                         **John Massouh**
                                         **email:** john.massouh@sprouselaw.com

                                         **Harley Caudle**
                                         **email:** harley.caudle@sprouselaw.com

**Debtors:**
**Wheeler Hospitality, Inc.**
**Perryton Hospitality, Inc.**
**Childress Hospitality LP**
**Borger Hospitality, Inc.**
**Decatur Hospitality, Inc.**
**Borger Properties, Inc.**

**Attorney: Bill Kinkead**
**Kinkead Law Offices**
**6937 South Bell, Suite G**             **email:** **bkinkead713@hotmail.com**
**Amarillo, TX 79109**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## BANKS

**Citizens Bank – Shamrock**
**Contact: Kelley Livingston SVP**
**711 North Main**
**Shamrock, TX 79079**                   **email:** **klivingston@bankoncitizens.com**

**Attorney:  Michael Hicks**
**Mullin Hoard & Brown**
**1500 Broadway St., Suite 700**
**P.O. Box 2585**
**Lubbock, TX  79408-2585**


**\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \***


**Citizens National Bank – Childress**
**Contact:  Chad Holland**
**501 Avenue F.N.W.**
**Childress, TX  79201**               **email:  cholland@obtinc.com**

**Attorney:  Gabe Herald (in house)**
**Olney Bancshares of Texas, Inc.**      **email:  Gabe.Herald@ubokc.com**
**10900 Hefner Pointe Drive Ste 300**
**Oklahoma City, OK  73120**


**\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \***


**West Texas State Bank**
**Contact:  Mark Williamson**
**1901 26th St., P.O. Box 1396**
**Snyder, TX  79549**

**Attorney:  Myrtle McDonald**
**Jones, Flygare, Brown & Wharton**
**1600 Civic Center Plaza**          **email:  mmcdonald@epiqtrustee.com**
**P.O. Box 2426**
**Lubbock, Texas  79408-2426**


**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***


**Interstate Bank**
**Contact:  Mark Marrs**
**5085 S. Coulter St.**
**Amarillo, Texas  79119**          **email:  mmarrs@interstatebankssb.com**

**Attorney:  Don Sunderland**
**Mullin, Hoard & Brown**
**500 S. Taylor, Suite 800**          **email:  dsunderl@mhba.com**
**P.O. Box 31656**
**Amarillo, TX  79120-1656**


**\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \***

**National Bank of Commerce**
**Contact:  F.C. "Sonny" Hilburn, VP**
**P.O. Box 590**
**Shamrock, TX  79079**

**Attorney:  Tom Bunkley**
**Barras & Bunkley**
**724 S. Polk, Suite 710**                    **email:  bunkley41@hotmail.com**
**P.O. Box 9175**
**Amarillo, TX  79105-9175**

**\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \***

**Litigation Counsel:**

**Kirk Crutcher**
**Mayfield Crutcher, & Sharpee**
**320 S. Polk, Suite 400**                    **email:  kcrutcher@mcs-law.com**
**Amarillo, Texas  79101-1425**


**J. Randal Bays**
**Bays & Bays**
**1503 Hailey**                    **email: randy@baysandbays.com**
**Conroe, Texas  77301**